UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BEREKET T. KASSU, | Case No. 19-CV-1845 (PJS/ECW) |
| Plaintiff, | |
| v. | ORDER |
| FAIRVIEW HEALTH SERVICES, | |
| Defendant. | |

P. Chinedu Nwaneri, NWANERI LAW FIRM, PLLC, for plaintiff.

Meggen E. Lindsay, FELHABER LARSON, for defendant.

Plaintiff Bereket Kassu was employed as a custodian by defendant Fairview Health Services ("Fairview") for 16 years. On July 14, 2015, Kassu was fired after he was accused of stealing a cell phone from a women's restroom. Almost exactly four years later, Kassu filed this lawsuit alleging that he was fired on the basis of his race. This case is now before the Court on Fairview's motion to dismiss under Fed. R. Civ. P. 12(b)(6). For the reasons that follow, that motion is granted.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged." *Id.* While the complaint need not include detailed factual allegations, it must present "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The only count clearly pleaded in the complaint is Kassu's claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. But "Title VII requires that before a plaintiff can bring suit in court to allege unlawful discrimination, [he] must file a timely charge with the EEOC or a state or local agency with authority to seek relief." *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012) (citations omitted). Such a claim must be filed within 300 days of the allegedly unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e)(1). Kassu did not file a claim with the EEOC or a state or local agency within 300 days of being fired, and therefore his Title VII claim must be dismissed.

Kassu's complaint is not well drafted, and thus the Court cannot tell whether Kassu intends to assert any other claims. Kassu alleges that this Court has *jurisdiction* under 42 U.S.C. § 1981, ECF No. 1 ¶ 3, but he never actually makes a *claim* under § 1981. Even if he had made such a claim, the Court would dismiss it. The complaint alleges that Kassu was fired "because of his race, and poor/limited English language skills." ECF No. 1 ¶ 19. But firing someone because of his "poor/limited English language skills" does not violate § 1981. Firing someone because of his "race" would violate

§ 1981, but Kassu has not plead facts that make plausible his allegation of race discrimination. It is not enough to plead that Kassu is not white and that he was fired; Kassu must plead sufficient facts to make plausible his claim that he was fired *because* he was not white.

Kassu does allege that "Fairview has never terminated an American born and or white employee in such manner." ECF No. 1 ¶ 20. But there are several problems with this allegation:

First, the Court is confused about what Kassu intends to say. The previous sentence is "Kassu avers that Fairview summarily and or recklessly terminated his employment, without good cause or due process, because of his race, and poor/limited English language skills." ECF No. 1 ¶ 19. So what does Kassu mean when he alleges that "Fairview has never terminated an American born and or white employee in such manner"? That Fairview has never terminated a white employee "summarily"? "Recklessly"? "Without good cause"? "Without due process"? "Because of his race"? "Because of his poor/limited English language skills"? It would be a *good* thing if Fairview never terminated a white employee "[b]ecause of his race"; such a termination would violate the law.

Second, Kassu could not possibly know whether Fairview—which operates dozens of hospitals and clinics and employs tens of thousands of people—has *ever*

terminated a white employee "summarily," "recklessly," "without good cause," and so on. Kassu pleads no facts that make plausible this facially implausible allegation.

Finally, none of these allegations even support—much less make plausible—the contention that Fairview fired Kassu because of his race. Kassu needs to support his allegation either by alleging facts that would directly prove discrimination (such as derogatory comments made about his race by someone involved in the decision to fire him) or facts that would indirectly prove discrimination (such as a white employee who was not terminated even though Fairview believed that he had stolen something from a patient). *See Bearden v. Int'l Paper Co.*, 529 F.3d 828, 831 (8th Cir. 2008) ("An employee may establish unlawful employment discrimination through direct or indirect evidence"). Kassu has not pleaded any such facts, and thus does not adequately plead a claim under § 1981.

Kassu's complaint also pleads that "he did not steal or attempt[] to steal the cellular phone" and that he "puts Fairview to the strictest proof thereof." ECF No. 1 ¶ 13. But Fairview does not have to prove anything; Kassu is the plaintiff, and he bears the burden of proof. More importantly, it is not illegal for Fairview to mistakenly conclude that an employee committed misconduct and then fire that employee based on that mistaken belief. If Fairview sincerely believed that Kassu stole the phone—and

Fairview fired him for that reason—then Fairview acted lawfully. It simply does not matter whether Fairview's conclusion was correct.

Kassu's complaint also alleges that "Fairview wrongfully failed to follow or comply with the collective bargaining agreement between Fairview and the Union in terminating his employment." ECF No. 1 ¶ 15. But Kassu does not clearly make a claim for breach of the collective bargaining agreement ("CBA"), much less clarify whether he is making such a claim under state law or federal law. Nor does Kassu indicate why a state claim would not be preempted under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. *See Conrad v. Xcel Energy, Inc.*, No. 12-CV-2819 (PJS/FLN), 2013 WL 1395877, at *3 (D. Minn. Apr. 5, 2013) ("§ 301 completely preempts any state-law claim for breach of a collective-bargaining agreement"). Nor does Kassu suggest why a federal claim would not be barred by the statute of limitations. *See* 29 U.S.C. § 160(b). Nor does Kassu indicate whether the CBA required him to arbitrate any claim that the agreement was breached—and, if so, whether he attempted to do so. *Vaca v. Sipes*, 386 U.S. 171, 184 (1967) (holding that "the employee must at least attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement" before suing an employer for breach of that agreement).

Finally, Kassu's complaint mentions in passing that Fairview's termination of his employment "unjustly embarrassed, disparaged and libeled Kassu amongst his co-workers and the public." ECF No. 1 ¶ 12. If Kassu intended to plead a claim for libel, he fell far short. A claim for libel must be pleaded with specificity; "[a]t a minimum, the plaintiff must allege who made the allegedly libelous statements, to whom they were made, and where." *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1011 (8th Cir. 2005) (citation and quotation marks omitted). Kassu has not alleged—specifically or otherwise—that Fairview made *any* statement about him to *anyone*. Instead, he alleges that Fairview defamed him by terminating his employment. But "Minnesota has never recognized defamation by conduct alone." *Bolton v. Dep't of Human Servs.*, 540 N.W.2d 523, 525 (Minn. 1995); *see also Franzwa v. City of Hackensack*, 567 F. Supp. 2d 1097, 1114 n.8 (D. Minn. 2008) ("Plaintiff appear[s] to also be claiming that the act of removing him from the Council was, by itself, defamatory. However, that claim must fail for, under Minnesota law, actions cannot, in themselves, be defamatory.").

For these reasons, Kassu has not pleaded a single viable claim against Fairview. Having reached such a conclusion, the Court would ordinarily dismiss the complaint. A couple of facts give the Court pause, however. First, Kassu has indicated that he intends to bring a motion for leave to amend his complaint; in fact, he has already secured a hearing date for his motion from Magistrate Judge Elizabeth Cowan Wright.

Kassu has not filed a proposed amended complaint, but that filing is not yet due under the Local Rules.  Second, and more importantly, the statute of limitations on Kassu's § 1981 claim expired the day after he filed his complaint.  *See Jackson v. Homechoice, Inc.*, 368 F.3d 997, 999 (8th Cir. 2004).  If the Court dismisses that claim—even without prejudice—Kassu will be barred from bringing the claim again.  In effect, the Court will be dismissing the claim with prejudice.  Although the Court is skeptical that Kassu will be able to plead a viable claim against Fairview, the Court will give Kassu a chance to bring a motion for leave to amend his complaint.

Kassu's motion should be filed with the undersigned (not Judge Wright) by November 18, 2019, and the motion should comply with Local Rule 15.1.  Fairview may respond to the motion by November 25, 2019.  No reply brief will be permitted.  Unless the Court notifies the parties to the contrary, the Court will decide the motion without a hearing.  Kassu should cancel the hearing that he scheduled before Judge Wright.

If Kassu fails to file a motion for leave to amend his complaint by November 18—or if Kassu files such a motion but the motion is denied— this action will be dismissed without prejudice, except that the Title VII claim will be dismissed with prejudice.  If Kassu files a timely motion and the motion is granted, the lawsuit will proceed on the basis of the amended complaint.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss [ECF No. 6] is GRANTED.

2. Plaintiff's motion for an extension of time [ECF No. 13] is GRANTED.

3. Plaintiff may file a motion for leave to amend his complaint by November 18, 2019. If plaintiff fails to file such a motion by November 18—or if plaintiff files such a motion but the motion is denied—this action will be DISMISSED WITHOUT PREJUDICE, except that the Title VII claim will be DISMISSED WITH PREJUDICE.

Dated: November 7, 2019        s/Patrick J. Schiltz
                               Patrick J. Schiltz
                               United States District Judge