UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| BEREKET T. KASSU, | Case No. 19-CV-1845 (PJS/ECW) |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| FAIRVIEW HEALTH SERVICES, | |
| Defendant. | |

P. Chinedu Nwaneri, NWANERI LAW FIRM, PLLC, for plaintiff.

Meggen E. Lindsay, FELHABER LARSON, for defendant.

Plaintiff Bereket Kassu was employed as a custodian by defendant Fairview Health Services ("Fairview"). In July 2015, Kassu was fired after he was accused of stealing a cell phone that had been left in a women's restroom. Almost four years later, Kassu filed this lawsuit alleging that he was fired on account of his race. In an order dated November 7, 2019, this Court granted Fairview's motion to dismiss, but gave Kassu leave to file a motion to amend his complaint. ECF No. 16.

This matter is now before the Court on Kassu's motion to amend pursuant to Fed. R. Civ. P. 15(a)(2) and Local Rule 15.1. The proposed amended complaint alleges a

single count of termination on the basis of race in violation of 42 U.S.C. § 1981. For the reasons that follow, Kassu's motion to amend is denied.[1]

"Although leave to amend shall be given freely when justice so requires, a district court properly denies leave when a proposed amendment would be futile." *Lansing v. Wells Fargo Bank, N.A.*, 894 F.3d 967, 973-74 (8th Cir. 2018) (internal citations omitted). A proposed amendment would be futile when an "amended claim could not withstand a motion to dismiss under Rule 12(b)(6)." *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (citation and quotation marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

---

[1]The Court directed Kassu to file his motion to amend by November 18, 2019. ECF No. 16 at 7. After he filed his motion on November 18, Kassu was instructed by the Clerk's Office to re-file his motion because he had failed to include the attachments required by Local Rule 15.1. A week later, on November 25, Kassu re-filed his motion. ECF No. 22. But instead of simply including the missing attachments, Kassu took it upon himself to make several substantive changes to his proposed amended complaint, which he did not have permission to do, and which was obviously in violation of the November 18 deadline.

Kassu's conduct was also unfair to Fairview, whose response was due on November 25, giving Fairview no meaningful opportunity to respond to Kassu's last-minute changes. ECF No. 23. But because the proposed amended complaint that Kassu filed on November 25 is no more viable than the proposed amended complaint that Kassu filed on November 18, the Court will treat the former as the operative proposed amended complaint.

(2007)).  Although the factual allegations need not be detailed, the plaintiff must present "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  And as the Eighth Circuit has specifically instructed in the context of § 1981 litigation, courts "need not conjure up unpled allegations to save a complaint." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (citation and quotation marks omitted).

Kassu's proposed amended complaint alleges that Fairview discriminated against him on the basis of race in violation of 42 U.S.C. § 1981.  As this Court explained in its November 7 order, "Kassu needs to support his allegation either by alleging facts that would directly prove discrimination (such as derogatory comments made about his race by someone involved in the decision to fire him) or facts that would indirectly prove discrimination (such as a white employee who was not terminated even though Fairview believed that he had stolen something from a patient)."  ECF No. 16 at 4 (citing *Bearden v. Int'l Paper Co.*, 529 F.3d 828, 831 (8th Cir. 2008)).

### A. Direct Evidence

"[D]irect evidence is evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action."  *Torgerson v. City of Rochester*, 643 F.3d 1031, 1044 (8th Cir. 2011) (citation and quotation marks omitted).  Direct evidence typically, but not always, takes

the form of derogatory comments about race or another protected characteristic made by someone involved in the decision to take adverse action against the plaintiff. "Direct evidence does not include stray remarks in the workplace, statements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process itself." *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, 933 (8th Cir. 2006) (citation and quotation marks omitted).

Nothing in Kassu's proposed amended complaint plausibly suggests racial animus on the part of Fairview, much less provides a "specific link" between any such animus and Kassu's termination. The two pages of new factual allegations that Kassu proposes to add to his original complaint mostly describe the rocky relationship between Kassu and a new supervisor who was hired two or three months before Kassu was fired. Kassu alleges that this supervisor "was quite younger than Kassu," "called Kassu an old man," and "told Kassu 'see your grey hair.'" ECF No. 25-1 ¶ 16. Obviously, these allegations have nothing to do with *race* discrimination; if anything, they undermine Kassu's case by suggesting that his supervisor was motivated by *age*-based animus.

Kassu also alleges that his new supervisor was "born in the United States" and "mocked Kassu for his poor English." *Id.* The Court will assume that this is an

allegation of animus based on race[2]—as opposed to animus based on national origin, which is not prohibited by § 1981. *See Torgerson*, 643 F.3d at 1053 ("Because Torgerson alleges he was discriminated against based on national origin, not race, his § 1981 claim fails."). This allegation nevertheless falls short of alleging direct evidence that Kassu was fired on account of his race.

The problem is that, to constitute direct evidence of race discrimination, a derogatory remark must be connected to the decision to fire Kassu—either because it was made by the decisionmaker or because it related in some other way to the decisional process. *See Twymon*, 462 F.3d at 933. But Kassu has not alleged that his supervisor had anything to do with Fairview's decision to terminate him, nor has Kassu

---

[2]Fairview argues that the statements in the proposed amended complaint regarding Kassu's "foreign accent," poor English-language skills, and birthplace outside of the United States [ECF No. 25-1 ¶¶ 1, 16] may lend support to a claim for discrimination on the basis of national origin, but are irrelevant to Kassu's claim under § 1981. ECF No. 23 at 4. The Court disagrees, particularly given that, in ruling on a motion to dismiss, the Court must draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). The Supreme Court has explained that § 1981 is intended "to protect from discrimination identifiable classes of persons who are subject to intentional discrimination solely because of their ancestry or ethnic characteristics." *St. Francis Coll. v. Al-Khazarji*, 481 U.S. 604, 613 (1987). And as at least one court in this District has previously observed in the context of § 1981 litigation, "[a]n inquiry about an individual's accent and place of origin can suggest the person asking noted specific ethnic characteristics." *Pandey v. Bio-Med. Applications of Minn., Inc.*, 651 F. Supp. 2d 969, 977 (D. Minn. 2009); *see also Nedeltchev v. Sheraton St. Louis City Ctr. Hotel & Suites*, 335 Fed. App'x 656, 657 (8th Cir. 2009) (plaintiff's allegations that he was subject to "name-calling," "accusations of terrorism," and "harass[ment] . . . because of his accent" were sufficient to state race-based employment claims under § 1981).

alleged that he was "mocked . . . for his poor English" in connection with the decisional process that culminated in his termination. *See id.* at 934 (finding no direct evidence of discrimination where "none of the statements . . . were made during the decisional process accompanying Wells Fargo's termination of Twymon"); *Canady v. Wal-Mart Stores, Inc.*, 440 F.3d 1031, 1034 (8th Cir. 2006) ("[a]bsent a causal link between the racial comments and the adverse employment action," supervisor's comments were not direct evidence of discrimination). Kassu alleges only that he was wrongfully accused of stealing a cell phone while cleaning a women's restroom, and was fired the next day based on that accusation. ECF No. 25-1 ¶¶ 7-11. Kassu does not identify the person who accused him of stealing the phone, nor does he identify the person or persons who were involved in the decision to fire him.

Given that the proposed amended complaint does not allege that the supervisor who mocked Kassu for his poor English-language skills either accused him of stealing the cell phone or was involved in any way in the decision to fire Kassu, the proposed amended complaint pleads no direct evidence that Kassu's termination was motivated by racial animus.

### B. Indirect Evidence

The proposed amended complaint also fails to plead any indirect evidence that Kassu was terminated on account of his race. Indirect evidence of racial discrimination

can take a variety of forms, but most commonly it takes the form of evidence of "more-favorable treatment of similarly-situated employees who are not in the protected class." *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1019 (8th Cir. 2011).

Kassu has not alleged that his supervisor or anyone else at Fairview treated him less favorably than similarly situated white employees. Kassu's proposed amended complaint includes a litany of grievances against his supervisor, such as allegations that the supervisor made him "make/dress beds" even though that "was not part of his duty-list" and told him to "go outside the hospital to pick up trash." ECF No. 25-1 ¶¶ 17, 20. But Kassu does not allege that his supervisor (whose race is not identified) treated white employees any better. Most importantly, Kassu does not allege that Fairview ever failed to terminate a white employee who was suspected of stealing from a patient.

For these reasons, Kassu's proposed amended complaint fails to plead sufficient facts to make plausible his allegation that Fairview discriminated against him on the basis of race. Kassu's motion to amend is therefore denied as futile.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to amend [ECF No. 25] is DENIED.

2. The Clerk of Court is directed to enter judgment in accordance with the Court's November 7, 2019 Order [ECF No. 16].

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 3, 2020  s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge